DANIEL STANIFORD, appellant, *vs.* HANNAH BARRY, *Administratrix of John Barry, deceased,* appellee.

*Chittenden,*
*December,*
*1825.*

A judgment or decision of commissioners appointed to receive and examine claims on an estate represented insolvent, unless appealed from within the time prescribed by law, is a final judgment, which fixes the rights of the parties.

A special act of the legislature, granting to a party the privilege of an appeal, from a decision of the commissioners of claims on an insolvent estate, after the time allowed by law for taking appeals in such cases, is unconstitutional and void.

THIS was an appeal from a decision of the commissioners of claims on the estate of the deceased, taken and allowed by the

Chittenden,
December,
1825.

Staniford
vs
Barry, Adm.

probate court, (after the time prescribed by law for granting appeals in such cases,) by virtue of a special act of the legislature, passed Nov. 6, 1823, entitled "an act granting to *Daniel Staniford* an appeal from the judgment of commissioners on the estate of *John Barry*, late of *Colchester*, deceased, to the Supreme Court."

On presenting his petition to the probate court, for an allowance of the appeal under said act, the appellant filed with the probate court, a declaration on book account, and also a declaration in *indebitatus assumpsit*, containing counts for *money had and received*, for money *paid, laid out and expended*, and for *work and labour done*.

The proceedings before the probate court, with notice to the defendant, being certified to, and entered in this court, the defendant appeared and filed the following motion:

And now the defendant shows unto the Court here, that the said *Daniel* presented sundry claims to the commissioners on the estate of the said *John Barry*, and that such proceedings were had thereon; that said commissioners found a balance due from the said *Daniel*, of seven dollars and thirty-five cents, and made their report thereof, to the judge of probate for the district of Chittenden, on the 10th day of April, 1820; and that said judge of probate for said district of Chittenden, at a court of probate, holden at Burlington, within and for said district, on the 16th day of May, 1820, ordered and decreed that said report should be accepted and recorded, as by the records and proceedings of said court of probate, in the settlement of said estate, will appear; and that no objection was made thereto by said Daniel, nor any appeal prayed, for more than twenty days after the acceptance of said report; all which the defendant is ready to verify. Wherefore, the defendant prays this Hon. Court to grant a rule upon the said Daniel, to show cause why his said appeal should not be dismissed, and no proceedings had therein, and that this defendant have his cost.

By CHARLES ADAMS.

The rule was granted, and the case submitted without argument.

This term, the cause was again moved, and the following opinion of the Court was pronounced by

PRENTISS, J.    The question raised, on the motion to dismiss this appeal, depends on the validity of the special act of the legislature, under which the appeal was taken and entered in this Court.

The validity of a similar act of the legislature was fully discussed in the case of *Bates* vs. *Kimball*, 2 *D. Chip. R.* 77, and this question must be considered as settled by that decision.    It was there determined, that the judgment of commissioners, appointed to receive and examine claims on an estate represented insolvent, unless appealed from within the time prescribed by law, was a final judgment, which fixed the rights of the parties,

Chittenden,
December,
1825.

Staniford
vs.
Barry, Adm. and could not be vacated or set aside, by an act of the legislature. That decision is a direct authority, that the act, under which this appeal was taken, is unconstitutional and void, as being an exercise of power by the legislature, properly belonging to the judiciary, and as being in the nature of a sentence or decree, rather than a law, wholly retrospective in its operation, and taking away a vested right. The case appears to have been maturely considered, and was decided on principles and authorities which are conclusive on the question. It is unnecessary, therefore, to enter at large into the question, at this time. And we have only to add, that the principles adopted in the case cited, have become settled constitutional law, and are universally recognized and acted upon as such, by all judicial tribunals in this country. They are found in the doctrines of learned civilians, and the decisions of able judges, without a single decision, or even opinion or dictum to the contrary. They not only grow out of the letter and spirit of the constitution, but are founded in the very nature of a free government, and are absolutely essential to the preservation of civil liberty, and the equal and permanent security of rights. The act under which the appeal was taken, being unconstitutional and void, the appeal must be dismissed.                               Appeal dismissed.

*John C. Thompson*, for the appellant.

*Chs. Adams*, for the appellee.